UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SHELBY KENT DANIEL ET AL** | **CASE NO. 2:24-CV-00082** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAFECO INSURANCE CO OF AMERICA** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is "Safeco Insurance Company of America's Motion for Summary Judgment" (Doc. 18) wherein Defendant moves to limit Plaintiffs' contractual recovery to a maximum of $9,424.61 and Plaintiffs' additional living expenses ("ALE") claim to $488.35 at the trial of this matter. Defendant also moves to dismiss Plaintiffs' contents claim and bad faith penalties and fees under Louisiana Revised Statutes 22:1892 and 22:1973. The Plaintiff has not filed any opposition to this Motion and the time for doing so has now lapsed.[1]

## BACKGROUND

On or about October 4, 2022, Plaintiffs' home was flooded due to a waterpipe malfunction with an upstairs toilet. Plaintiffs allege that the home was damaged by the waterpipe malfunction. On the date of the loss, the home was insured through a policy issued by Defendant, Safeco Insurance Company of America ("Safeco").

---

[1] See Doc. 23 granted in part Plaintiffs' Motion for Extension of Time and setting the opposition deadline to be due no later than November 20, 2024.

The policy was a replacement cost policy that required the insured to submit a proof of loss within 60 days from the time of the loss,[2] including proof of ALE to the insured.[3] The policy provided coverage of $560,000 for the dwelling, $56,000 for other structures, $280,000 for contents, $112,000 for ALE, and had a $5,000 deductible.[4]

Plaintiffs filed a claim for the loss with Safeco on October 4, 2024, and informed Safeco that they would be hiring Apex Restoration to begin water mitigation efforts.[5] A Safeco adjuster inspected Plaintiffs' property on October 7, 2021.[6] Based on that inspection, Safeco wrote an initial estimate for the repairs totaling $33,981.79 (RCV) /$29,407.48 (ACV).[7] After applying the $5,000 deductible, Safeco tendered the ACV payment to Plaintiffs for $24,407.48 on October 12, 2022.[8] Mr. Daniel tore up this check.[9]

On or about October 11, 2022, Plaintiffs informed Safeco that they were interested in placing a travel trailer on their property while the repairs were being made. In response Safeco assigned CRS Temporary Housing to assist Plaintiffs.[10] On October 19, 2022, Mr. Daniel informed the Safeco Filed Claim Resolution Specialist, Melanie Darnsteadt, that he wanted to rent a travel trailer from a friend at $1,000 per month.[11] Mr. Daniels told Darnsteadt that he would provide a lease agreement and paid invoice for setup and cleaning by the end of the month. On October 31, November 4, and November 9, 2022, Darnsteadt

---

[2] Defendant's exhibit A-1, SAFECO_DANIEL 000040.
[3] *Id.* at 000036.
[4] *Id.* at 41.
[5] Defendant's exhibit A, ¶¶ 4 and 5.
[6] *Id.* at ¶ 6.
[7] *Id.* at ¶ 7; Defendants' exhibit A-2.
[8] Defendant's exhibit D, Defendant's exhibit A, Darnsteadt Declaration, ¶¶ 7 and 8.
[9] Defendant's exhibit B, Shelby Daniel Deposition, p. 46:23-24.
[10] Defendant's exhibit D, Darnsteadt Declaration, ¶ 9.
[11] *Id.* ¶ 10.

unsuccessfully attempted to contact Mr. Daniel to follow up on the status of the travel trailer setup and lease. Darnsteadt never received a lease agreement from Mr. Daniel.[12]

On October 19, 2022, Apex Restoration submitted a mitigation invoice to Safeco for $25,582.58; after correcting an error in the estimate, Safeco issued a mitigation check for $21,933.26. On November 14, 2022, Plaintiffs submitted an estimate by Dream Catcher Construction, LLC to Safeco for rebuilding the interior of the home.[13] Due to a substantial difference in Safeco's versus Dreamcatcher's estimate, Darnsteadt conducted a post-mitigation reinspection on November 29, 2022, and increased the damage estimate to $63,459.94 (RCV)/$53,199.72 (ACV).[14]

On December 6, 2022, Safeco issued a supplement ACV payment of $48,199.72 to Plaintiffs, which included a reissuance of the original funds initially tendered.[15] Additionally, Darnsteadt advised Plaintiffs to contact her regarding any additional work or damages.[16]

On or about January 3, 2023, Plaintiffs' attorney submitted a letter of representation to Safeco, and on or about July 27, 2023, Plaintiffs' attorneys sent Safeco a demand with a series of receipts/invoices totaling $55,558.32.[17] Additionally, Plaintiffs' attorneys provided the following list of remaining repairs:

| | | |
|---|---|---|
| 1. | Carpenter expense | $30,000 |
| 2. | Sofa | $ 5,000 |
| 3. | Hutch | $ 2,000 |

---

[12] *Id.* ¶ 11.
[13] *Id.* ¶ 13.
[14] *Id.*; Defendant's exhibit A-4.
[15] *Id.* Safeco stopped payment on the first check.
[16] Defendant's exhibit A-5.
[17] Those receipts included numerous food items purchased and receipts from Stine, Lowe's, Walmart, Restoration Repair, and Mike's Cabinets.

| | | |
|---|---|---|
| 4. | Front door | $ 4,000 |
| 5. | Patio doors | $ 2,000 |
| 6. | Lights | $ 750 |
| 7. | Ceiling fans | $ 950 |
| 8. | Interior doors | $ 800 |
| 9. | Labor | <u>$ 8,000</u> |
| TOTAL | | $53,500 |

These line items were submitted without estimates or supporting documentation. On August 29, 2024, Safeco requested supporting documentation for these alleged remaining repairs. Safeco received no further documentation to support these alleged repair expenses.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

As previously stated, Safeco seeks rulings as to a limit on contractual damages and ALE, and a dismissal of Plaintiffs' contents and statutory bad faith penalties and fees.

Safeco partially relies on Plaintiffs' Responses to Safeco's Written Discovery[18] that requested all invoices, receipts, estimates, bid and/or quotes related to any work on Plaintiffs' property for repairs. In response to the discovery request, Plaintiffs, through counsel referred Safeco to the previous receipts it had provided on July 27, 2023. Plaintiff did not provide any further evidence to support the additional $53,500 in repairs.

Safeco also submits as summary judgment evidence the depositions of Kristy Mazariegos,[19] the corporate representative of Restoration Repair, LLC who confirmed that the total for all work performed for Plaintiffs by Restoration Repair was $36,569. Mr.

---

[18] Defendant's exhibit D.
[19] Defendant's exhibit C.

Daniel testified that his total expenditures to date, including labor and materials, was $57,558.32.[20] Mazariegos and Daniel testified that the Restoration Repair invoices were for labor only and that Plaintiffs had provided the material.[21] Mr. Daniel also testified that the July 27, 2023, invoices/receipts represented his expenditures for purchasing material for Restoration Repair's work.[22]

Based on this new information, Safeco tendered all remaining depreciation on October 15, 2024, which was within 30 days of Plaintiffs' and Mazariegos' depositions. Safeco paid Plaintiffs a total of $58,459.94, which when the $5,000 deductible is included, means Safeco payment to Plaintiffs exceeds the out-of-pocket expenses Plaintiffs incurred.

On summary judgment, a moving party may show the lack of a genuine issue of material fact by pointing out "the absence of evidence supporting the nonmoving party's case." *Conner v. USAA Gen. Indem. Co.*, 2023 WL 2309824, at *1 (W.D. La. Mar. 1, 2023) (citing *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). "The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. To this end he must submit 'significant probative evidence' in support of his claim." *Id.* (citing *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).

Here, Plaintiffs have submitted nothing to create a genuine issue of material fact for trial as to the estimate for remaining repairs totaling $9,424.61 prepared by Safeco's expert

---

[20] Defendant's exhibit B, Daniel Deposition, p. 31:8-14.
[21] Defendant's exhibit C, Mazariegos Depo. 11:14-18; Daniel Depo. p. 38:24-39:5.
[22] *Id.* pp. 29:22-31:18.

witness,[23] the $53,500 in remaining repairs they allege, Plaintiffs' ALE expenses,[24] and contents claim.[25] Likewise, Plaintiffs have submitted no evidence that Safeco handled Plaintiffs' claim in bad faith.

Plaintiffs bear the burden of proving that Safeco acted in bad faith. *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 299 (5th Cir. 2009). To maintain a cause of action for bad faith penalties and attorneys' fees under either Louisiana Revised Statute 22:1892 or 1973, a plaintiff must establish at least three elements: (1) the insurance company received satisfactory proof of a loss, (2) the company failed to tender payment within thirty (or sixty in the case of Revised Statute 22:1973) days of receipt of proof of loss, and (3) the company's failure to pay was arbitrary, capricious, or without probable cause. *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009); *Louisiana Bag Co., Inc. v. Audubon Indem. Co.* (La. 12/2/08), 999 So. 2d 1104, 1112-13.

Here, Plaintiffs have failed to submit summary judgment evidence to create a genuine issue of material fact for trial that Safeco was wrong in its adjustment of the claim and/or without reasonable or probable cause or excuse for failure to make a timely payment. Moreover, Plaintiffs have failed to offer any evidence in support of their bad faith claim.

---

[23] Defendant's exhibit E.
[24] Plaintiffs had previously provided Safeco with receipts for dining out during the time repairs were being made for a total of $488.35 in ALE related expenses. Mr. Daniel testified that they did not move out of the home during repairs. Daniel deposition p. 6:1-24.
[25] Daniel testified that they disposed of the alleged damaged items and have not replaced them. Daniel Depo, pp. 33:24-35:1. Plaintiffs never provided Safeco any evidence or photographs of the alleged damaged contents.

## **CONCLUSION**

For the reasons explained herein, the Court will grant Safeco Insurance Company of America's Motion for Summary Judgment (Doc. 18) to limit Plaintiffs' contractual damages to $9,424.61 and ALE recovery to $488.35, and dismiss with prejudice Plaintiffs' claims for personal property/contents and bad faith penalties and fees.

**THUS DONE AND SIGNED** in Chambers on this 26th day of November, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**